```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/26/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :

UNITED STATES OF AMERICA

                                      :    CONSENT PRELIMINARY ORDER
   - v. -                                OF FORFEITURE AS TO SPECIFIC
                                      :    PROPERTY/
CHRISTOPHER HARRIS,                      MONEY JUDGMENT
     a/k/a "Christopher Harris-Edmundson"  :

                                          21 Cr. 772 (AT)
           Defendant.                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**WHEREAS**, on or about December 16, 2021, CHRISTOPHER HARRIS, a/k/a "Christopher Harris-Edmundson" (the "Defendant"), was charged in Indictment 21 Cr. 772 (AT) (the "Indictment"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count One); and firearms use, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Two);

**WHEREAS**, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, proceeds the Defendant obtained, directly or indirectly, as a result of the commission of the offense charged in Count One of the Indictment, and any and all property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

**WHEREAS**, on or about November 17, 2021, pursuant to a seizure warrant issued by the Honorable Alicia G. Rosenberg, U.S. Magistrate Judge, Central District of California, the Government seized from the Defendant's residence in Los Angeles, California, the following:

    a.  Two Trezor hardware wallets (the "Devices"); and

    b.  One Rolex watch (the "Watch");

WHEREAS, on or about October 12, 2022, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853: (i) a sum of money equal to $186,941.93 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment; and (ii) all of his right, title and interest in the Watch; and all of his right, title and interest in any and all cryptocurrencies which are accessible through the private keys stored on the Devices, for which the Defendant will provide the Government with the relevant pins enabling access to the Devices, as well as any custom words/passwords required to access any wallets on the Devices (collectively, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $186,941.93 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, representing proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now

entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

   IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Kaylan E. Lasky, of counsel, and the Defendant and his counsel, Michael Kushner, Esq., that:

   1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $186,941.93 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

   2. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

   3. On or before sentencing, the Defendant will provide the Government with the relevant pins enabling access to the Devices, as well as any custom words/passwords required to access any wallets on the Devices.

   4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant CHRISTOPHER HARRIS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

5. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeitures shall be authorized to deposit the payments on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

7. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeitures, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

8. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice

on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

12. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

      14.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

15. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:     */s/ Kaylan E. Lasky*                   10/5/2022
       KAYLAN E. LASKY                            DATE
       Assistant United States Attorney
       One St. Andrew's Plaza
       New York, NY 10007
       (212) 637-2315

CHRISTOPHER HARRIS

By:     *Christopher Harris / by Counsel*       10/17/2022
       CHRISTOPHER HARRIS                 DATE

By:     [signature]                                     10/17/2022
       MICHAEL KUSHNER, ESQ.               DATE
       Attorney for Defendant
       16 Court Street, 36th Floor
       Brooklyn, NY 11241

SO ORDERED:

[signature]                                                     1/26/2024
HONORABLE ANALISA TORRES             DATE
UNITED STATES DISTRICT JUDGE